ACCEPTED
03-15-00533-CV
8171903
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/10/2015 9:27:21 AM
JEFFREY D. KYLE
CLERK

## NO. 03-15-00533-CV

In the Court of Appeals
For the Third Court of Appeals District
Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/10/2015 9:27:21 AM
JEFFREY D. KYLE
Clerk

## LEAH SHIKE

*Appellant,*

**v.**

## ANTHONY CHARLES FLOT

*Appellee*

On Appeal from the 335th Judicial District Court, Bastrop County, Texas
Trial Court Cause No. 29,439

## APPELLANT'S BRIEF

HENSLEY LAW FIRM
Edward Hensley
SBN. 09492500
ed@hensleylawfirm.com

Deborah Hensley Loewe
SBN. 00793939
deborah@hensleylawfirm.com

3809 South 2nd Street, Ste. A-100
Austin, Texas 78704
(512) 476-9988
(512) 327-9992, facsimile
*Counsel for Appellant, Leah Shike*

**Identity of Parties and Counsel**

**Appellant/Plaintiff**    **Plaintiff/Appellant's Appellate Counsel**:

HENSLEY LAW FIRM

Edward Hensley
SBN. 09492500
ed@hensleylawfirm.com

Deborah Hensley Loewe
SBN. 00793939
deborah@hensleylawfirm.com

3809 South 2nd Street, Ste. A-100
Austin, Texas 78704
(512) 476-9988
(512) 327-9992, facsimile

**Appellee/Defendant**    **Defendant/Appellee's Appellate Counsel:**

CLARK, TREVINO & ASSOCIATES

Ethan Goodwin
SBN. 24064492
ethan.goodwin@farmersinsurance.com

1701 Directors Boulevard, Ste. 920
Austin, Texas 78744
(512) 445-1580
(512) 383-0503, facsimile

[Type text]

# TABLE OF CONTENTS

**Contents**

STATEMENT TO THE JURISDICTION ............................................................1

STATEMENT OF THE CASE...................................................................1

STATEMENT REGARDING ORAL ARGUMENTS ...........................................1

CITATIONS TO THE RECORD ...............................................................1

CERTIFICATE OF COMPLIANCE..............................................................2

ISSUES PRESENTED...........................................................................2

STATEMENT OF FACTS .......................................................................2

SUMMARY OF ARGUMENT ..................................................................3

ARGUMENT .....................................................................................5

    A.    Statute of Limitations..............................................................5

PRAYER ..........................................................................................8

# TABLE OF AUTHORITIES

**Cases**

*20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008) ..........................................4

*Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997) ..............................4

*Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005)............4

*Dunmore v. Chicago Title Ins. Co.*, 400 S.W.3d 635, 641 (Tex. App.—Dallas 2013, no pet.) ......................................................................................................5

*Guardia v. Kontos*, 961 S.W.2d 580, 583 (Tex. App.—San Antonio 1997, no pet.)6

*Kopplow Dev., Inc. v. City of San Antonio*, 399 S.W.3d 532, 536 (Tex. 2013) ........7

*Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985) ..........................4

*Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999) ..........................6, 8

*Rhone-Poulens, Inc.*, 997 S.W.2d at 223, n.3 ..........................................................7

*Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010) ..........................4

*Winston v. Am. Med. Int'l, Inc.*, 930 S.W.2d 945, 955 (Tex. App.—Houston [1st Dist.] 1996, writ denied) ................................................................................6

*Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex. 1975)..................................6

**Statutes**

TEX. CIV. PRAC. & REM. CODE § 16.003.....................................................................3
TEX. CIV. PRAC. & REM. CODE § 16.063.....................................................................3
TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West Supp. 2014).......................5
TEX. R. APP. P. 47.4 ..............................................................................................2, 4
TEX. R. CIV. P. 166a(c)..............................................................................................4
TEX. R. CIV. P. 45(b) ................................................................................................7

## STATEMENT TO THE JURISDICTION

This Court has appellate jurisdiction as the appeal was taken from a final judgment of the 335th Judicial District Court of Bastrop County, Texas, disposing of all issues and parties, entered on June 17, 2015. [CR184]. Appellant/Plaintiff timely filed a notice of appeal on August 25, 2014. [CR195]

## STATEMENT OF THE CASE

Appellant/Plaintiff Leah Shike ("Shike") brought a civil cause of action against Appellee/Defendant Anthony Charles Flot ("Flot") arising out of a motor vehicle accident which occurred April 26, 2012. Shike alleges Flot was negligent in the operation of his motor vehicle, causing the accident made the basis of the underlying suit.

Flot filed a Motion for Summary Judgment, which was granted. Shike raises a single issue in this Court challenging the sufficiency of Flot's Motion for Summary Judgment.

## STATEMENT REGARDING ORAL ARGUMENTS

Appellant/Plaintiff waives her right to oral arguments.

## CITATIONS TO THE RECORD

The record in this case consists of a multi-volume, sequentially numbered Clerk's Record. Citations to this record are in the format [2CR pp].

## CERTIFICATE OF COMPLIANCE

I certify that this document brief/petition was prepared with Microsoft Word 2010.  Relying on the word count function in the word processing software used to produce this document, I certify that the number of words in this reply (excluding any caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of facts, statement of issues presented, statement of jurisdiction, signature, proof of service, certificate of compliance, and appendix) is 1134.

## ISSUES PRESENTED

Shike raises a single issue in this Court, challenging the sufficiency of Flot's Motion for Summary Judgment.  Because Flot did not prove he was entitled to judgment as a matter of law, Shike requests this Court reverse the summary judgment order because the law to be applied to this case is well settled.  See TEX. R. APP. P. 47.4.

## STATEMENT OF FACTS

On or about April 26, 2012, Shike was traveling on Hwy 290 in Elgin, Bastrop County, Texas when she was involved in a motor vehicle accident with Flot.

Shike's Original Petition [2CR5] was filed on April 11, 2014 in order to preserve the statute of limitations on Shike's claims.  Flot was served with

Citation and Petition on February 16, 2015 [2CR18]. Flot answered claiming a number of affirmative defenses, including an allegation that Shike's claim was barred by the statute of limitations [2CR25].

Shike subsequently amended her pleadings to respond to the defense of limitations. Her Amended Petition added the following allegations: "Any applicable statute of limitations [ ] pursuant to TEX. CIV. PRAC. & REM. CODE § 16.003 is tolled pursuant [to] TEX. CIV. PRAC. & REM. CODE § 16.063 as to the named Defendant in his individual capacity. The limitations are tolled to the extent and for the duration that the individual Defendant was absent from Texas which suspends the running of the applicable statute of limitations for the period of his absence." [2CR82].

Flot filed a motion for summary judgment based on his limitations defense [2CR29]. The trial court granted the Motion and dismissed Shike's claim. [2CR184] Shike appeals.

## SUMMARY OF ARGUMENT

*Basis for Appeal*

Leah Shike appeals the trial court's order granting Flot's Motion for Summary Judgment [2CR184] on Shike's negligence claim. Shike raises a single issue in this Court, challenging the sufficiency of Flot's Motion for Summary Judgment. Because Flot did not prove he was entitled to judgment as a matter of

law, Shike requests this Court reverse the summary judgment order because the law to be applied to this case is well settled. *See* TEX. R. APP. P. 47.4.

*Standard of Review*

This court may apply well known standards in its review of traditional summary judgment motions. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). The movant has the burden to demonstrate that no genuine issue of material fact exists and he is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon*, 690 S.W.2d at 548-49. We consider the evidence in the light most favorable to the nonmovant. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). In review of a traditional summary judgment in favor of a defendant, the court may determine whether the defendant conclusively disproved an element of the plaintiff's claim or conclusively established every element of an affirmative defense. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997).

A defendant moving for summary judgment on the affirmative defense of limitations has the burden to establish that defense conclusively. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005). Within this framework, the court may review the trial court's summary judgment denovo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

4

# ARGUMENT

Flot filed a traditional summary judgment motion on the single ground of limitations [2CR29]. Flot's summary judgment evidence included Shike's original, but not her amended petition, which was timely filed after Flot's Motion for Summary Judgment.

## A.      Statute of Limitations

In her single issue, Shike argues the trial court erred in granting summary judgment because the applicable statute of limitations was tolled by any absence of Flot from the state. A plaintiff must bring suit for personal injury no later than two years after the day the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West Supp. 2014). A cause of action for negligence accrues on the date the injury-producing act is committed. *Dunmore v. Chicago Title Ins. Co.*, 400 S.W.3d 635, 641 (Tex. App.—Dallas 2013, no pet.). The summary judgment evidence establishes that Shike's negligence cause of action for personal injuries accrued on the date of the crash, April 26, 2012. Thus, Shike's lawsuit would have been timely if she had filed it by April 26, 2014. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). Shike filed suit timely, on April 11, 2014. [2CR5].

Flot's Motion for Summary Judgment is not based upon Shike filing suit late, but on Flot's claim that as a matter of law, Shike did not establish reasonable

diligence in pursing Flot to serve him with Shike's petition and citation, claiming the defense of the statute of limitations as a bar to Shike's claims. [2CR29].

However, when moving for summary judgment on limitations, the movant must not only establish the limitations bar, he must also negate any suspension or tolling of limitations asserted by the nonmovant. *See, e.g., Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999) (discovery rule); *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex. 1975) (absence from state and diligence in procuring service of citation); *Guardia v. Kontos*, 961 S.W.2d 580, 583 (Tex. App.—San Antonio 1997, no pet.) (absence from state); *Winston v. Am. Med. Int'l, Inc.*, 930 S.W.2d 945, 955 (Tex. App.—Houston [1st Dist.] 1996, writ denied) (absence from state).

Shike's amended pleading specifically raised the issue of Flot's absence from the state during the limitations period and invoked the statutory provision that would have tolled the running of the statute of limitations during that absence. [2CR82]. The relevant statute provides "The absence from this state of a person against whom a cause of action may be maintained <u>suspends</u> the running of the applicable statute of limitations for the period of the person's absence." TEX. CIV. PRAC. & REM. CODE ANN. § 16.063. Shike's amended petition relies on this tolling "to the extent and for the duration that the individual Defendant was absent from Texas." [2CR82].

On appeal, Shike anticipates Flot will challenge her tolling defense to his own limitations defense on two grounds. First, Flot may contend Shike's amended pleading was insufficient to invoke Section 16.063 because the pleading does not (a) identify a particular number of days that Flot was absent from Texas or (b) aver that the number of days Flot was purportedly absent exceeded the time by which Flot claims Shike was late in serving him with citation. [2CR82].

Flot did not make this argument in his summary judgment motion, so Shike questions whether Flot has preserved it review. [2CR29]. However, even if the challenge to Shike's pleading were preserved, it would fail. The rules require only that a party give an opponent fair notice of a cause of action or ground of defense. *See* TEX. R. CIV. P. 45(b); *see also Kopplow Dev., Inc. v. City of San Antonio*, 399 S.W.3d 532, 536 (Tex. 2013) (purpose of notice pleading is to give opponent information sufficient to enable preparation of defense). Shike's pleading satisfied this standard by identifying the specific statutory provision on which she relied to support her tolling defense.

Flot may also argue that Shike offered no summary judgment evidence that Flot was absent from the state a sufficient number of days to render her service of citation of petition timely. At trial, Shike would have the burden to prove Flot's absence was in fact sufficient to overcome the limitations bar. *See Rhone-Poulens, Inc.*, 997 S.W.2d at 223, n.3. But at the summary judgment stage, negating a

7

tolling provision is part of the movant's burden to establish his defense of limitations conclusively. *Id.* at 223.

In this case, Flot did not challenge Shike's tolling defense to Flot's limitations defense in Flot's motion for summary judgment and <u>offered no summary judgment evidence</u> related to his presence in — or absence from — the state during the relevant limitations period. Accordingly, he has not carried his burden to show he is entitled to judgment as a matter of law. *See id.* This Court should decide Shike's issue in her favor.

## **<u>PRAYER</u>**

Leah Shike requests this court reverse the trial court's order granting summary judgment in favor of Flot and dismissing Shike's claim against him, and remand this case for further proceedings consistent with this court's opinion.

Respectfully submitted,

HENSLEY LAW FIRM

Edward F. Hensley
SBN. 09492500
ed@hensleylawfirm.com

Deborah Hensley Loewe
SBN. 00793939
deborah@hensleylawfirm.com

3809 South 2nd Street, Ste. A-100
Austin, Texas 78704
(512) 476-9988
(512) 327-9992, facsimile

**ATTORNEYS FOR APPELLANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Appellant's

Brief was forwarded to the following counsel of record on this 9th day of

December, 2015:

*Via Facsimile (512) 383-0503*
Ethan Goodwin
Clark, Trevino & Associates
1701 Directors Boulevard, Ste. 920
Austin, Texas 78744

Edward F. Hensley

9

## JUDGMENT

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that Appellant Leah Shike recover her costs of this appeal from Appellee Anthony Charles Flot.

_____
HONORABLE JUDGE PRESIDING

# APPENDIX

Tab 1:        Notice of Appeal

Tab 2:        Plaintiff's Original Petition

Tab 3:        Citation and Affidavit of Delivery to Anthony Charles Flot

Tab 4:        Defendant's First Amended Original Answer

Tab 5:        Plaintiff's First Amended Original Petition

Tab 6:        Defendant's Motion for Summary Judgment

Tab 7:        The Trial Court's Order Granting Defendant's Motion for Summary Judgment

Tab 8:        Texas Civil Practice & Remedies Code §16.003

Tab 9:        Texas Civil Practice & Remedies Code §16.063

Tab 10:       Texas Rules of Appellate Procedure §47.4

Tab 11:       Texas Rule of Civil Procedure 166a

Tab 12:       Texas Rule of Civil Procedure 45

Tab 13:       Reporter's Record

# TAB 1

Electronically Filed 8/25/2015 9:22:07 AM
Sarah Loucks, District Clerk
Bastrop County, Texas
By: Katy Nyc, Deputy

## CAUSE NO. 29,439

| | | |
|---|---|---|
| **LEAH SHIKE** | § | **IN THE DISTRICT COURT** |
| | § | |
| **v.** | § | **335TH JUDICIAL DISTRICT** |
| | § | |
| **ANTHONY CHARLES FLOT** | § | **BASTROP COUNTY, TEXAS** |

## NOTICE OF APPEAL

Notice is hereby given that Plaintiff, Leah Shike, appeals from the Order Granting Motion for Summary Judgment signed June 17, 2015.

The Order Granting Motion for Summary Judgment was signed in Cause No. 29,439; *Leah Shike v. Anthony Charles Flot;* in the 335th Judicial District Court, Bastrop County, Texas.

The appeal will be to the Third Court of Appeals.

Respectfully submitted,

HENSLEY LAW FIRM

By: Edward Hensley
SBN. 09492500
ed@hensleylawfirm.com

Deborah Hensley Loewe
SBN. 00793939
deborah@hensleylawfirm.com

3809 South 2nd Street, Ste. A-100
Austin, Texas 78704
(512) 476-9988
(512) 327-9992, facsimile

**ATTORNEYS FOR PLAINTIFF**

Notice of Appeal
Page 1 of 2

195

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Appeal was forwarded to the following counsel of record on this 25 day of August , 2015:

*Via Facsimile (512) 383-0503*
Ethan Goodwin
Clark, Trevino & Associates
1701 Directors Boulevard, Ste. 920
Austin, Texas 78744

Jenaya Farley

Notice of Appeal
Page 2 of 2

196

**TAB 2**

CAUSE NO. 29,439

| LEAH SHIKE | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 335th JUDICIAL DISTRICT |
| | § | |
| ANTHONY CHARLES FLOT | § | BASTROP COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION and DISCOVERY REQUESTS

### TO THE HONORABLE JUDGE OF SAID COURT:

Now comes LEAH SHIKE, hereinafter referred to as Plaintiffs, complaining of and about ANTHONY CHARLES FLOT, hereinafter referred to as Defendants and for cause of action would respectfully show unto the Court and Jury as follows:

### I. DISCOVERY LEVEL

Plaintiffs elect this suit as a level THREE (3) lawsuit.

### II. SERVICE

Plaintiffs are individuals residing in  XXXX

Defendant, ANTHONY CHARLES FLOT as an individual residing in  XXX

Texas, and may be served with citation at her residence at  X XXX K

### III. VENUE – JURISDICTION

Venue is proper in BASTROP County, Texas because the incident occurred in BASTROP County, pursuant to Texas V.A.C.S. Section 15.002(a)(1), Section 15.002(a)(2), and Section 15.002(a)(4). Each Plaintiff seeks damages that are less between $100,000.00 and $250,000.00 at this time, which is an amount within the jurisdictional limits of this court at the time of the filing of this petition.

Scanned

FILED
DATE
Sarah Loucks
District Clerk, Bastrop County

## IV. BACKGROUND FACTS

On or about April 26, 2012, Plaintiff traveling on Hwy 290 in Elgin Bastrop Texas when the Defendant, ANTHONY CHARLES FLOT failed to obey a posed yield sign and yield right of way to Plaintiff, causing a collision.

## V. INJURIES

As a result of the foregoing, Plaintiff has suffered personal injury to her body generally. More specifically, Plaintiff has suffered injury to her upper and lower back, head, and neck.

## VI. NEGLIGENCE

At the time of the collision made the basis of this lawsuit Defendant, ANTHONY CHARLES FLOT, was guilty of negligence in the following respects and particulars, to-wit:

1. By failing to keep such a lookout as a person of ordinary care would have;

2. By failing to make timely or proper application of the brake on the vehicle as a person using ordinary care would have made;

3. By failing to control the speed of the vehicle, which is a violation of Texas Traffic Regulations, V.A.C.S. Transportation Code, Section 545.351; and

4. By violating Texas Traffic Regulation V.A.C.S. Transportation Code, Section 545.151.
   (a) An operator approaching an intersection:
       (1) shall stop, yield, and grant immediate use of the intersection:
           (A) in obedience to an official traffic-control device, including a stop sign or yield right-of-way sign; or
           (B) if a traffic-control signal is present but does not display an indication in any of the signal heads; and
       (2) after stopping, may proceed when the intersection can be safely entered without interference or collision with traffic using a different street or roadway.
   (b) An operator on a single-lane or two-lane street or roadway who approaches an intersection that is not controlled by an official traffic-control device and that is located on a divided highway or on a street or roadway divided into three or more marked traffic lanes:

Scanned

(1)    shall stop, yield, and grant immediate use of the intersection to a vehicle on the other street or roadway that is within the intersection or approaching the intersection in such proximity as to be a hazard; and

(2)    after stopping, may proceed when the intersection can be safely entered without interference or collision with traffic using a different street or roadway.

Each of the foregoing acts and/or omissions, taken together or individually, constitute negligence and each proximately caused the collision and the injuries and damages sustained by Plaintiff.

## VII. DAMAGES

Upon trial of this cause, it will be shown that the Plaintiff was caused to sustain injuries and damages as a proximate result of the Defendant's negligence, and Plaintiff would respectfully request the Court and Jury to determine the amount of loss that the Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in the terms of good health and freedom from pain and worry. There are certain elements of damages, provided by law, that the Plaintiff is entitled to have a Jury consider that will fairly and reasonably compensate Plaintiff for the injuries and damages incurred and to be incurred, from the date of the occurrence in question until the time of trial of this cause, those elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff are as follows:

PAST AND FUTURE physical pain, mental anguish, physical impairment, loss of earning capacity, reasonable and necessary medical expenses.

## VIII. PRAYER

Because of all the above foregoing, each Plaintiff seeks damages of less than $100,000.00 at this time, which is an amount within the jurisdictional limits of this court at the time of the filing of this petition. Plaintiff's damages may, in the future, with the passage of time, increase.

Wherefore, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final trial hereof, Plaintiff recover his damages, and recover all costs of Court, both pre-judgment and post-judgment interest at the maximum legal rate, and have such and further relief, both general and specific, at law and in equity, to which Plaintiff may be justly entitled.

## IX. PLAINTIFF'S FIRST SET OF INTERROGATORIES, PRODUCTION and ADMISSIONS TO DEFENDANT ANTHONY CHARLES FLOT

Comes now, the Plaintiffs in the above numbered and styled cause, and pursuant to T.R.C.P. 196, 197 and 198, serves the following INTERROGATORIES and PRODUCTION, to you. The responses shall be answered separately, fully in writing, and under oath within Fifty (50) days from the date of service hereof. The Plaintiffs also requests that the Defendant continue to supplement Defendant's answers to these Requests as provided by T.R.C.P.

### INTERROGATORIES

INSTRUCTIONS: These questions are being served on your attorney and answers to the Interrogatories should be preceded by the question or interrogatory to which the answer pertains. The answers shall be signed and verified by the person making them and the provisions of Rule 14 shall not apply. You are notified that this party specifies that the answers shall be served on the first business day after expiration of FIFTY (50) days from the date of services of these questions, and that the questions and your sworn answers may be offered in evidence at the trial of this lawsuit.

In answering these questions, furnish all information available to you, including information in the possession of your attorney or their investigators and all persons acting in your behalf, and not merely such information known of your personal knowledge. If you cannot answer the Interrogatory in full after exercising due diligence to secure the information, so state in your answer, and to the extent possible answer stating whatever information or knowledge you have.

You are notified that you are under a duty seasonably to supplement your response if you obtain information upon the basis of which you know that the response was incorrect or incomplete when made, or you know that the response though correct and complete when made is no longer true and complete and the circumstances are such that failure to amend the answer is in substance misleading. Further, if you expect to call an expert witness and the identity or the subject matter of such expert witness' testimony has not been previously disclosed in response to an appropriate inquiry directly addressed to these matters, such response must be supplemented to include the name, address and telephone number of the expert witness and the substance of the testimony concerning which the expert witness is expected to testify, as soon as is practical, but in no event less than 30 days prior to the beginning of trial, except on leave of court.

If you object to attaching to your answers any requested document or object to identifying any person as hereinabove defined, or you feel that a court order should be obtained by this party, please so state in your answer to the interrogatory.

## Scanned

8

1. State the names, addresses, phone numbers and email addresses of all persons who were drivers or occupants of any involved vehicle or pedestrian at the scene of the accident at the time that it occurred and of all persons arriving at the scene of the accident within 1 hour after its occurrence. After each person's name, state how that person was involved in the accident.

2. Have you a given a statement about the facts of the accident? If so, as to each statement: state the name, of the person taking the statement; state the date of the statement; state the name, address and occupation of the person taking the statement.

3. Were any photographs taken of the accident scene or any physical item involved in the accident? If so, state: the subject matter of each photograph; date taken; by whom taken; and who has the original and prints thereof at this time.

4. Have you ever pleaded guilty or been convicted of any crime other than traffic violations? If so, state: the nature of the offense; the date; the court involved.

5. At the time of the incident referred to in Plaintiff's Petition: did you have any restrictions endorsed on your motor vehicle drivers' license? (If you had no drivers' license, so state.) If you had restrictions, specify them (e.g., corrective lenses, medications, etc.).

6. State whether or not at the date of the accident you had consumed any intoxicating beverage, drug or medicine of any kind whatsoever; and if you did, state what you consumed and time of the consumption.

7. State where you had been and where you were going prior to the accident.

8. Describe the facts of the accident, including what you did after you first observed the plaintiff's vehicle until the moment the vehicles involved came to rest after the accident.

9. State the distance your vehicle was away from the plaintiff's vehicle when you first applied your brakes, if you did so. If you did not apply your brakes, so state.

10. State what was said and by whom in any conversations between the drivers and occupants of plaintiff's and defendant's vehicles about any subject relating to the occurrence within one hour following the accident.

11. State whether you received a ticket, citation or any summons for any traffic law violation whatsoever as a result of the incident complained of. If so, state the charge involved, whether you pleaded guilty or not guilty, the disposition made of the traffic charge and the name and county of the court involved.

12. Describe what parts of the vehicle you occupied were damaged, and the total cost to repair such damage. If the vehicle was a total loss, so state.

13. Have you been a party to a lawsuit in the past? If yes, state the nature, the year, the court number, and docket number of each such lawsuit.

14. How could you have avoided the accident with Plaintiff?

15. What have you learned about avoiding accidents following the accident with Plaintiff?

L. Shike v. A. Flot POP/with discovery requests          Scanned          5

9

## VERIFICATION

STATE OF _____

COUNTY OF _____

BEFORE ME, the undersigned authority, on this day personally appeared ANTHONY CHARLES FLOT, who after being by me duly sworn did upon her oath depose and say:

"I am ANTHONY CHARLES FLOT, the Defendant in the above styled and numbered cause, and I have read the foregoing answers to interrogatories propounded by the Plaintiff and state that the same are true and correct."

ANTHONY CHARLES FLOT

SWORN TO AND SUBSCRIBED BEFORE ME by ANTHONY CHARLES FLOT, on this the _____ day of _____, 2_____, to certify which witness my hand and seal day of office.

_____
NOTARY PUBLIC IN AND FOR THE
STATE OF TEXAS
MY COMMISSION EXPIRES:

# PRODUCTION

## 1. DEFINITIONS AND INSTRUCTIONS

Plaintiff further requests the Defendant produce to Plaintiff's counsel all of the items listed and/or requested in the attached Requests for Production that are in the possession, custody or control of Defendant's attorney and/or representative.

Unless otherwise indicated, the use of this request of the term of "Defendant" or the name of a party or a business organization shall specifically include all employees, agents, representatives, and attorneys of the Defendant, party, or business organization.

2.    The term "document" means any printed, typewritten, or otherwise recorded matter of whatever character including, but not limited to, letters, purchase order, memoranda, telegrams, notes, catalogs, diaries, reports, calendars, inter-office communications, statements, announcements, photographs, drawings', and any digital, electronically stored, carbon or photographic copies of any such material, if Defendant does not have custody or control of the original.

If any documents requested reproduced, was, but is no longer, in the Defendant's possession or control or is no longer is existence, state whether it is:

    a. Missing or lost;
    b. Destroyed;
    c. Transferred voluntarily or involuntarily to others and if so, to whom; or
    d. Otherwise disposed of.

In each instance explain the circumstances surrounding an authorization for such disposition thereof and state the approximate time thereof, plus the contents of such documents.

3.    The following documents are to be produced for examination and copying within FIFTY (50) days of service of this request to:

HENSLEY LAW FIRM, Attorneys for Plaintiff
1007 Mopac Circle, Suite 201
Austin, Texas 78746

4.    Plaintiff gives notice to defendant that each and every, any and all, documents provided in response to the requests for production listed below are accepted and will be used as authenticated documents, unless each such excepted item produced is specifically declared by defendant to be not authentic, along with the basis for such exception and/or declaration,

Notice to Counsel and Defendant: We are requesting ALL photographs in your file, including all photographs taken by the adjuster, appraiser, or estimator assigned in this case. Your failure to provide clear color copies of all photographs will cause us to file a motion to compel production, and request for sanctions, including attorney fees of at least $1,000. "

## NOTICE OF INTENT TO USE DOCUMENTS PRODUCED

Pursuant to Tex R. Civ. P 193.7, Plaintiff intends to use all documents produced by the other parties in discovery and/or documents filed with the Court at the time of Trial.

PRODUCTION NO. 1: Any and all video and photographs, both printed and digital, of plaintiff, including any surveillance video/photos. (This request would include all such items in your actual possession and constructive possession as long as you have a superior right to compel production from any third party including but not limited to any agency, authority or representative having possession, custody or control).

**PRODUCTION NO. 2:.** Any and all documents and tangible things in any form which have been reviewed or relied upon by you when answering Interrogatories served upon you by any party to this lawsuit. This included any forms filled out by you for your insurance company. (This includes but is not limited to Plaintiff's Interrogatories to Defendant which have been served upon you along with her set of Requests for Production.

**PRODUCTION NO. 3:** Any and all photographs, in the possession or constructive possession of the Defendant Defendant's insurance company, or Defendant's attorney depicting subjects involved in the incident made the basis of this lawsuit, including:
-photos of vehicles involved
-scene of incident
-property damage to objects at the scene of the incident
-skid marks at scene of incident
-witnesses
-bystanders
Plaintiff requests laser quality color copies of all photographs. Plaintiff will pay defendant's attorney for the reasonable cost of copying such photographs, or if preferred, plaintiff will pickup, copy, and return such photographs to defendant's attorney.

**PRODUCTION NO. 4:** All pictures, photographs or video tapes of plaintiff, including surveillance video of plaintiff either before or after the incident made the basis of this lawsuit.

**PRODUCTION NO. 5:** A photostatic copy of the front and back of Defendant's current driver's license.

**PRODUCTION NO. 6:** Pursuant to Texas Rule of Civil Evidence 609, please produce any and all documents and tangible things regarding convictions for felonies or crimes of moral turpitude which Defendant may use at trial to impeach Plaintiff.

**PRODUCTION NO. 7:** All of Plaintiff's medical records and medical billing records in the possession of Defendant, including any medical record or billing records procured by Defendant by means of a medical authorization executed by Plaintiff. This request is made pursuant to Texas Rules of Civil Procedure 166b(2)(h). If preferred by defendant, plaintiff, upon request, will pick-up, copy, and return all such records to defendant's attorney, at plaintiff's cost. Please contact our office to arrange a convenient date and time, within 30 days after receipt of such records by defendant.

**PRODUCTION NO. 8:** All records indicating any mechanical problems or repairs concerning the Defendant's vehicle involved which Defendant contends contributed toward the cause of the incident made the basis of this lawsuit.

**PRODUCTION NO. 9:** A photograph of Defendant taken within one year prior to the incident made the basis of this lawsuit, if a copy of Defendant's driver's license does not display a photograph.

Scanned

**PRODUCTION NO. 10:** Copies of estimates, invoices, and/or any other written documentation which were prepared as a result of the damage to any and all vehicles, including defendant's vehicle involved in the incident made the basis of this lawsuit.

**PRODUCTION NO. 11:** A complete copy of the defendant's insurance company's claim file other than those matters prepared in anticipation of litigation or subject to attorney-client privilege. Plaintiff requests a privilege log be filed within 15 days after the date these answers and responses are due, listing each privilege claimed and a description of each document claimed to be protected, as prescribed by the TRCP.

**PRODUCTION NO. 12:** A certified copy of all available liability insurance policy declaration pages showing limits providing coverage to the defendant for the date of accident.

**PRODUCTION NO. 13:** Produce copies of any and all invoices from any cellular and/or wireless telephone company providing service to the cellular and/or wireless telephone that you were using at the time of, and within FIFTY (50) minutes before and after the incident. If refused, Plaintiff requests a privilege log be filed within 15 days after the date these answers and responses are due, listing each privilege claimed and a description of each telephone log claimed to be protected, as prescribed by the TRCP.

**PRODUCTION NUMBER 14:** Produce copies of all records obtained by defendant from any source which include any of the following information about Plaintiff. This includes but is not limited to:

- a). all medical records & bills not previously provided;
- b). employment records;
- c). governmental records (any agency);
- d). index bureau records;
- e). credit records;
- f). claims records;
- g). claims history reports; and
- h). investigative reports.

Plaintiff, upon reasonable notice, will pickup, copy, and return such records to defendant's attorney, as provided by the TRCP.

Scanned

9

13

## MEDICAL/WAGE AUTHORIZATION
## RELEASE OF INFORMATION

TO:

This is to authorize any physician, hospital, medical attendant, nurse, technician, or others, to furnish to the HENSLEY LAW FIRM, XXX XXX , or _____, all records, opinions, reports, x-rays, photostatic copies, abstracts or excerpts of any records or any other information or document they may request that you may have in your custody or under your control regarding the below named patient.

I further authorize any firm or employer to furnish to the HENSLEY LAW FIRM, ⌐ ⌐ XXX XXX _____, any information about my earnings, loss of earnings, work history, and medical information, including all payroll and personnel records that they may request that you may have in your custody or under your control regarding the below named person.

I hereby waive any privilege I have to the above information to the above-named attorney. This authorization does not include oral conferences or discussions with any person concerning the person's/patient's care or condition.

Any a conference or oral discussion should be taken up in advance with my attorneys, so that they can be present for the same.

I agree that a photostatic copy of the Authorization shall be considered as effective and as valid as the original. This authorization is valid until revoked in writing.

Your full cooperation in this matter is requested.

Dated this _____ day of _____, 2_____.


_____
**ANTHONY CHARLES FLOT**

_____/_____/_____
Date of Birth

_____
Address

_____-_____-_____
Social Security Number

_____
Witness

Scanned  )0

L. Shike v. A. Flot POP/with discovery requests

14

## INSURANCE COMPANY/BODY/REPAIR SHOP AUTHORIZATION
## RELEASE OF INFORMATION

TO:

This is to authorize any BODY/REPAIR SHOP, INSURANCE COMPANY, INSURANCE ADJUSTER or others, to furnish to the HENSLEY LAW FIRM, XXX XXX XXX ___, or _____, all photographs, repair estimates, and repair orders relating to the vehicle of the party signing below, that you may have in your custody or under your control regarding the below named vehicle owner.

I agree that a photostatic copy of the Authorization shall be considered as effective and as valid as the original. This authorization is valid until revoked in writing.

Your full cooperation in this matter is requested.

Dated this _____ day of _____, 2____.


_____          _____
**ANTHONY CHARLES FLOT**                   Address


___/____/____                      _____
Date of Birth                      Social Security Number


_____
Witness

# ADMISSIONS

**INSTRUCTIONS:**
In order to simplify the issues for the trial of this cause we request, within **FIFTY (50)** days of service of this request, the Defendant specifically admit under oath under oath the following facts. The Defendant is hereby further advised that a failure to specifically answer any request or an evasive answer to any request will be taken as an admission of such request. For clarity, conciseness and brevity, you are advised that the phrase "on the date of the incident made the basis of this lawsuit" as used in the following Admissions is the date of the incident as set forth in the Plaintiff's pleadings which are referred to herein for all purposes. The facts which you are requested to admit are as follows:

**ADMISSION NO. 1:** Admit that you were the driver of a vehicle involved in a incident made the basis of this lawsuit.

**ADMISSION NO. 2:** Admit that there was no non-human event or condition which contributed to the incident made the basis of this lawsuit.

**ADMISSION NO. 3:** Admit that the incident made the basis of this lawsuit was not the result of a sudden emergency.

**ADMISSION NO. 4:** Admit that the incident made the basis of this lawsuit did not result from an unavoidable accident.

**ADMISSION NO. 5:** Admit that immediately prior to the incident made the basis of this lawsuit, Defendant did not observe Plaintiff.

**ADMISSION NO. 6:** Admit that the incident made the basis of this suit did not occur because of the negligence of the Plaintiff.

**ADMISSION NO. 7:** Admit that Plaintiff did not fail to act as a person with ordinary prudence would have done under the same or similar circumstance in caring for and treating injuries that resulted from the incident made the basis of this lawsuit.

**ADMISSION NO. 8:** Admit that at the time of the incident made the basis of this lawsuit, Defendant had a valid Texas Driver's License.

**ADMISSION NO. 9** Admit that the Defendant is familiar with the Texas Driver's Handbook published by the Department of Public Safety of the state of Texas.

**ADMISSION NO. 10:** Admit that the Defendant was in the **course and scope of employment** for any individual, company, or entity at the time of this incident made the basis of this lawsuit.

**ADMISSION NO. 11:** Admit that at the time of the incident, Defendant was familiar with the roadway upon which the incident made the basis of this lawsuit occurred.

**ADMISSION NO. 12:** Admit that Defendant had consumed **alcohol beverages** within the twenty four (24) hour period prior to the incident made the basis of this lawsuit.

**ADMISSION NO. 13:** Admit that there was no mechanical failure of the vehicle Defendant was driving which contributed to the incident made the basis of this lawsuit.

**ADMISSION NO. 14:** Admit that the Defendant could have avoided the incident made the basis of this lawsuit with Plaintiff.

**ADMISSION NO. 15:** Admit that the defendant's actions in operating the defendant's vehicle at the time of the incident made the basis of this lawsuit were the proximate cause of the incident and constituted negligence as is cited in Plaintiff's Original Petition and are incorporated by reference.

## X. DISCLOSURE

Pursuant to Texas Rules of Civil Procedure, Rule 194, Defendant is requested to disclose, within fifty (50) days of service of this pleading, the information and material described in T.R.C.P., Rule 194.2.

Respectfully submitted,
HENSLEY LAW FIRM

By EDWARD HENSLEY
SBN. 09492500

Deborah C. Hensley
SBN. 00793939

1007 Mopac Circle, St. 201
Austin, Texas 78746
Ph: 512-476-9988 / Fax: 512-327-9992
**ATTORNEYS FOR PLAINTIFF**

Scanned

**TAB 3**

Electronically Filed 2/19/2015 9:52:08 AM
Sarah Loucks, District Clerk
Bastrop County, Texas
By: Terri Hocker, Deputy

**CITATION**
**CAUSE#29,439**

**CLERK OF THE COURT**
Sarah Loucks, District Clerk
P.O. Box 770
804 Pecan Street
Annex Building, Lower Level
Bastrop, TX 78602

**THE STATE OF TEXAS**

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

To: MR.ANTHONY CHARLES FLOT

X X X   )efendant
OR WHEREVER THE DEFENDANT MAY BE LOCATED

GREETINGS: You are commanded to appear by filing a written answer to the Petition of Petitioner at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service hereof, before the 335th District Court of Texas, at the courthouse in BASTROP, Texas.

A copy of the Petition of the Petitioner accompanies this citation, in cause number 29,439 styled:

**LEAH SHIKE**
vs.
**ANTHONY CHARLES FLOT**

filed in said court on the on this the 11th day of April, 2014

Petitioner is represented by:

EDWARD HENSLEY
1007 MOPAC CIRCLE ST 201
AUSTIN TX 78746

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office in Bastrop, Texas, this the 9th day of February, 2015

Sarah Loucks
District Clerk, Bastrop County
P.O. Box 770
Bastrop, Texas 78602
By:_____,Deputy

( ) IF CHECKED, ATTACHED TO THIS CITATION IS DISCOVERY NOT FILED WITH CLERK PURSUANT TO TRCP 191.4

18

Cause: 29,439

Executed when copy is delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20_____.

_____, Officer

_____, County, Texas

By:_____, Deputy

ADDRESS FOR SERVICE:
Defendant: ANTHONY CHARLES FLOT

X X X

OFFICER'S RETURN

Came to hand on the _____ day of _____, 20_____, at _____, o'clock _____.m., and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the plaintiff's petition, at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|--------------------------------------------|
|      | SEE AFFIDANT ATTACHED |                                 |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

FEES:

Serving Petition and Copy     $_____
Total                         $_____

_____, Officer

_____, County, Texas

By:_____, Deputy

_____
Affiant

*Rule 107 Verification: Subscribed and sworn to by the above named _____ before me this the _____ day of _____, 20___, to certify which witness my hand and seal of office.

_____
Person Administering Oath

19

CAUSE NUMBER 29,439

| LEAH SHIKE | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 335TH JUDICIAL DISTRICT |
| | § | |
| ANTHONY CHARLES FLOT | § | BASTROP COUNTY, TEXAS |

## AFFIDAVIT OF DELIVERY

Came to my hand on: 02 / 10 / 2015 at 12:10 o'clock P. M.

☒ CITATION
☒ PLAINTIFF'S ORIGINAL PETITION AND DISCOVERY REQUESTS

Executed by me on: 02 / 16 / 2015 at 11:54 o'clock A. M.

Executed at *XXX* , within the county of TRAVIS, by delivering to ANTHONY CHARLES FLOT, in person, a true copy of the above-specified civil process with the date of delivery endorsed thereon.

I am a person not less than eighteen (18) years of age, have never been convicted of a felony or a crime of moral turpitude, and no charge of a felony or a crime of moral turpitude is pending against me. I am not a party to or interested in the outcome of this case, am authorized by law, by the Supreme Court of Texas, or by written order of the Court to deliver citations and other notices, and am able to perform this service of process correctly pursuant to TRCP 103, 106, 107 and 536a. I swear that the statements and facts contained in this affidavit are true and correct and within my personal knowledge and experience.

Service Fee: $75.00

KEVIN BLANDFORD
SCH000000214 (EXP. 07/31/17)
KAB PROCESS, INC.
P.O. BOX 937, AUSTIN, TEXAS 78767
(512) 476-5707

STATE OF TEXAS

### VERIFICATION

Before me, a Notary Public, on this day personally appeared KEVIN BLANDFORD, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements and facts therein contained are true and correct. Given under my hand and seal of office on this the 18TH day of FEBRUARY, 2015.

ALISA GARCIA
MY COMMISSION EXPIRES
February 26, 2015

Notary Public, State of Texas

20

**TAB 4**

Electronically Filed 3/20/2015 10:05:21 AM
Sarah Loucks, District Clerk
Bastrop County, Texas
By: Katy Nye, Deputy

Cause No. 29,439

| LEAH SHIKE | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| VS. | § | 335TH JUDICIAL DISTRICT |
| | § | |
| ANTHONY CHARLES FLOT | § | BASTROP COUNTY, TEXAS |

## DEFENDANT ANTHONY CHARLES FLOT'S FIRST AMENDED ORIGINAL ANSWER, REQUEST FOR DISCLOSURE, AND RULE 193.7 NOTICE

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Anthony Charles Flot, Defendant in the above-styled and numbered cause, and files this First Amended Original Answer and Request for Disclosure and would show the Court as follows:

### GENERAL DENIAL

1. Defendant invokes the provisions of TEX. R. CIV. P. 92, and does thereby exercise his legal right to enter a general denial.

### CONTRIBUTORY NEGLIGENCE

2. The subject incident and Plaintiff's damages, if any, were proximately caused by Plaintiff.

### SOLE PROXIMATE CAUSE

3. Defendant alleges that acts of third parties, beyond Defendant's control, constitute the sole proximate cause of any damages Plaintiff has sustained.

### INTERVENING CAUSE

4. Defendant alleges that acts of third parties, beyond Defendant's control, constitute an intervening and superceding cause of any damages Plaintiff has sustained.

- 1 -

25

## DETERMINATION OF RESPONSIBILITY

5. Defendant alleges that the trier of fact should determine the percentage of responsibility for causing or contributing to cause in any way the harm for which recovery of damages is sought for each defendant, settling person, and designated third party, under the Chapter 33 of the Texas Civil Practice and Remedies Code.

## CONTRIBUTION

6. Defendant seeks contribution from each defendant and third party defendant to the extent that any acts or omissions of that party in violation of the applicable legal standard caused or contributed to cause any damages Plaintiff has sustained for which Defendant is held liable.

## OFFSET, CREDIT AND REDUCTION

7. a. In the highly unlikely and remote event that Plaintiff should recover any amount of money damages herein, Defendant affirmatively pleads that expenses paid by a collateral source or provided gratis by a third party are not recoverable and that Plaintiff's recovery is strictly limited to costs actually paid or incurred by Plaintiff.

b. In the highly unlikely and remote event that Plaintiff should recover any amount of money damages for lost income or loss of earning capacity, Defendant affirmatively pleads that such recovery is only recoverable in an amount after all income taxes have been deducted.

c. Defendant specifically pleads for a dollar credit in an amount equal to all settlement payments made by other defendants and third parties.

## STATUTE OF LIMITATIONS/DUE DILIGENCE

8. Plaintiff failed to exercise due diligence in effectuating service of process on Defendant.

- 2 -

## REQUEST FOR DISCLOSURE

9.    Pursuant to Rule 194, you are requested to disclose, within thirty (30) days of service of this request, the information or material described in Rule 194.2.

## JURY DEMAND

10.    Defendant in the above-entitled and numbered cause hereby demands a trial by jury.

## NOTICE

11.    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives notice that all documents produced by any party to this case will be used at any pretrial proceeding or at the trial of this matter.

Defendant prays that upon final hearing hereof, Plaintiff take nothing of and from Defendant by reason of this suit, that Defendant goes hence with his costs and for such other and further relief to which Defendant may be justly entitled.

-3-

27

NOTICE

Employees of Farmers Insurance Exchange, a Member of the Farmers Insurance Group of Companies.

Respectfully submitted,

CLARK, TREVINO & ASSOCIATES
Mailing Address:
P.O. Box 258829
Oklahoma City, OK 73125-8829
Physical Address:
1701 Directors Boulevard, Suite 920
Austin, Texas 78744
Telephone: (512) 445-1580
Telecopier: (512) 383-0503

By:

ETHAN F. GOODWIN
State Bar No.: 24064492
Email: ethan.goodwin@farmersinsurance.com
COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of March, 2015, in accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure, a true and correct copy of the above and foregoing instrument was served upon:

Edward Hensley
Hensley Law Firm
1007 Mopac Circle, Suite 201
Austin, Texas 78746
Attorney for Plaintiff, Leah Shike

ETHAN F. GOODWIN

- 4 -

28

# TAB 5

Electronically Filed 9/2/2015 5:24:47 PM
Sarah Loucks, District Clerk
Bastrop County, Texas
By: Sharon Schimank, Deputy

CAUSE NO. 29,439

| | | |
|---|---|---|
| LEAH SHIKE | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 335TH JUDICIAL DISTRICT |
| | § | |
| ANTHONY CHARLES FLOT | § | BASTROP COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes LEAH SHIKE, hereinafter referred to as Plaintiffs, complaining of and about ANTHONY CHARLES FLOT, hereinafter referred to as Defendant and for cause of action would respectfully show unto the Court and Jury as follows:

### DISCOVERY LEVEL

Plaintiff elects this suit as a level 3 lawsuit.

### SERVICE

Plaintiff is an individual residing in : XKK

Defendant, ANTHONY CHARLES FLOT is an individual residing in XKK

Service has been effected.

### VENUE – JURISDICTION

Venue is proper in BASTROP County, Texas because the incident occurred in BASTROP County, pursuant to Texas V.A.C.S. Section 15.002(a)(1), Section 15.002(a)(2), and Section 15.002(a)(4). Plaintiff seeks damages that are between $100,000.00 and $250,000.00 at this time, which is an amount within the jurisdictional limits of this court at the time of the filing of this Petition.

## TOLLING OF STATUTE OF LIMITATIONS

Plaintiff specifically raises the issue of Defendant's absence from the state during the limitations period and invokes the statutory provision that tolls the running of the statute of limitations during that absence. Plaintiff relies on this tolling "to the extent and for the duration that the individual Defendant was absent from Texas." The relevant statute, Tex. Civ. Prac. & Rem. Code Ann. §16.063 (West 2015), provides:

> The absence from this state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence. Tex. Civ. Prac. & Rem. Code Ann. §16.063 (West 2015).

## BACKGROUND FACTS

On or about April 26, 2012, Plaintiff traveling on Hwy 290 in Elgin, Bastrop County, Texas, when the Defendant, ANTHONY CHARLES FLOT, failed to obey a posted yield sign and failed to yield right of way to Plaintiff, causing a collision.

## INJURIES

As a result of the foregoing, Plaintiff has suffered personal injury to her body generally. More specifically, Plaintiff has suffered injury to her upper and lower back, head, and neck.

## NEGLIGENCE

At the time of the collision made the basis of this lawsuit Defendant, ANTHONY CHARLES FLOT, was guilty of negligence in the following respects and particulars, to-wit:

1. By failing to keep such a lookout as a person of ordinary care would have;

2. By failing to make timely or proper application of the brake on the vehicle as a person using ordinary care would have made;

3. By failing to control the speed of the vehicle, which is a violation of Texas Traffic Regulations, V.A.C.S. Transportation Code, Section 545.351; and

Plaintiff's First Amended Original Petition
Page 2 of 6

83

4. By violating Texas Traffic Regulation V.A.C.S. Transportation Code, Section 545.151, which states:

(a) An operator approaching an intersection:

(1) shall stop, yield, and grant immediate use of the intersection:

(A) in obedience to an official traffic-control device, including a stop sign or yield right-of-way sign; or

(B) if a traffic-control signal is present but does not display an indication in any of the signal heads; and

(2) after stopping, may proceed when the intersection can be safely entered without interference or collision with traffic using a different street or roadway.

(b) An operator on a single-lane or two-lane street or roadway who approaches an intersection that is not controlled by an official traffic-control device and that is located on a divided highway or on a street or roadway divided into three or more marked traffic lanes:

(1) shall stop, yield, and grant immediate use of the intersection to a vehicle on the other street or roadway that is within the intersection or approaching the intersection in such proximity as to be a hazard; and

(2) after stopping, may proceed when the intersection can be safely entered without interference or collision with traffic using a different street or roadway.

Each of the foregoing acts and/or omissions, taken together or individually, constitute negligence and each proximately caused the collision and the injuries and damages sustained by Plaintiff.

## DAMAGES

Upon trial of this cause, it will be shown that the Plaintiff was caused to sustain injuries and damages as a proximate result of the Defendant's negligence, and Plaintiff would respectfully request the Court and Jury to determine the amount of loss that the Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in the terms of good health and freedom from pain and worry. There are certain elements of damages, provided by law, that the Plaintiff is entitled to have a Jury consider that will fairly and reasonably compensate Plaintiff for the injuries and damages incurred and to be incurred, from the date of the occurrence in question until the time of trial of this cause, those elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff are as follows:

PAST AND FUTURE physical pain, mental anguish, physical impairment, loss of earning capacity, reasonable and necessary medical expenses.

## TOLLING OF STATUTE OF LIMITATIONS

Plaintiff specifically raises the issue of Defendant's absence from the state during the limitations period and invokes the statutory provision that tolls the running of the statute of limitations during that absence. Plaintiff relies on this tolling "to the extent and for the duration that the individual Defendant was absent from Texas." The relevant statute, Tex. Civ. Prac. & Rem. Code Ann. §16.063 (West 2015), provides:

> The absence from this state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the

period of the person's absence. Tex. Civ. Prac. & Rem. Code Ann. §16.063 (West 2015).

## PRAYER

Because of all the above foregoing, Plaintiff seeks damages of between $100,000.00 and $250,000.00 at this time, which is an amount within the jurisdictional limits of this Court at the time of the filing of this Petition. Plaintiff's damages may, in the future, with the passage of time, increase.

Wherefore, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final trial hereof, Plaintiff recover her damages, and recover all costs of Court, both pre-judgment and post-judgment interest at the maximum legal rate, and have such and further relief, both general and specific, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

HENSLEY LAW FIRM

By: Edward Hensley
SBN. 09492500
ed@hensleylawfirm.com

Deborah Hensley Loewe
SBN. 00793939
deborah@hensleylawfirm.com

3809 South 2nd Street, Ste. A-100
Austin, Texas 78704
(512) 476-9988
(512) 327-9992, facsimile

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's first Amended Original Petition was forwarded to the following counsel of record on this ___2___ day of ___June___, 2015:

*Via Facsimile (512) 383-0503*
Ethan Goodwin
Clark, Trevino & Associates
1701 Directors Boulevard, Ste. 920
Austin, Texas 78744

Jenaya Farley

**TAB 6**

Electronically Filed 3/20/2015 10:55:21 AM
Sarah Loucks, District Clerk
Bastrop County, Texas
By: Katy Nyc, Deputy

Cause No. 29,439

| | | |
|---|---|---|
| LEAH SHIKE | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 335TH JUDICIAL DISTRICT |
| | § | |
| ANTHONY CHARLES FLOT | § | BASTROP COUNTY, TEXAS |

## DEFENDANT ANTHONY CHARLES FLOT'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Anthony Charles Flot, Defendant, in the above styled and numbered cause and moves this Honorable Court for Summary Judgment, and in support hereof would show this Honorable Court as follows:

### I. Summary of the Argument & Requested Relief:

Defendant would show the motor vehicle accident made the basis of this negligence lawsuit occurred on April 26, 2012. Plaintiff's Original Petition, attached as Exhibit A. Pursuant to TEX. CIV. PRAC. & REM. CODE § 16.003, a negligence cause of action must be brought within two (2) years from the date of the incident in question. Thus, the statute of limitations would have expired on April 26, 2014. Plaintiff filed this lawsuit within the statute of limitation on April 11, 2014, but the lawsuit was not diligently served upon Defendant and should be dismissed. Plaintiff's Original Petition, attached as Exhibit A; Officer's Return, attached as Exhibit B (showing Plaintiff did not effectuate service of process until February 10, 2015, ten months after this lawsuit was filed and well outside of the statue of limitations). Plaintiff has not exercised due diligence in obtaining service of process upon the Defendant. Consequently, this cause of action should be extinguished via summary judgment as a matter of law.

-1-

29

## II.    Facts:

The facts of this lawsuit show the following:

April 11, 2014:    Plaintiff's Original Petition was filed two weeks before the date on which the statute would run.

February 10, 2015:    Defendant was served with process nine months and two weeks after the statute of limitation expired.

March 10, 2015:    Defendant answered Plaintiff's lawsuit and made his first appearance.

## III.    Arguments & Authorities:

A.    Plaintiff failed to effectuate service of process for over nine months; Plaintiff's failure to exercise due diligence entitles Defendant to summary judgment as a matter of law.

When a Defendant moves for Summary Judgment on an affirmative defense, he is entitled to Summary Judgment if he proves all essential elements of the defense as a matter of law. *Long Distance International, Inc. v. Telefonos de Mexico, S.A.*, 49 S.W. 3d 347, 350-351 (Tex. 2001); *Rhone-Poulenc, Inc. v. Steel*, 993 S.W.2d 217, 223 (Tex. 1999). Defendant must show that there are no genuine issues of material fact. Tex.R.Civ.Proc. 166a(c). Plaintiff's negligence action is governed by a two (2) year statute of limitation, *supra*, and is time-barred if service of process was not diligently pursued. Although the Plaintiff filed his Original Petition within the statute of limitations, Defendant was not served until nine months and two weeks later – outside of the statute of limitations – which is not the exercise of due diligence. Plaintiff's Original Petition, attached as Exhibit A; Officer's Return, attached as Exhibit B. For this reason, Plaintiff failed to bring the lawsuit within the limitations period. *Gant v. DeLeon*, 786 S.W.2d

- 2 -

30

259, 260 (Tex. 1990). The mere filing of a lawsuit does not alone toll limitations; an action is timely brought only when the Plaintiff both files a petition and exercises due diligence in having the Defendant served. *Sanchez v. Providence Memorial Hospital*, 679 S.W.2d 732, 732-733 (Tex. App.-El Paso 1984, *no writ*); *Dura-Stilts Com. v. Zachry*, 697 S.W.2d 658, 659, (Tex. App.-Houston [1st Dist.] 1985, *writ refused, n.r.e.*). Where, as here, Plaintiff failed to meet these requirements, her cause of action is barred by limitations as a matter of law, entitling Defendant to summary judgment. *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990), (filing of the petition tolls limitation period only if it is accompanied by due diligence in securing the issuance and service of citation); *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 890 (Tex. 1975) (*per curiam*) (same).

B.     Due diligence – in light of Plaintiff's substantial delay in effectuating service of process – is a matter of law.

Whether due diligence has been exercised is usually a question of fact. *Murray* at 830. However, if there is substantial delay in serving citation, or if the Plaintiff's conduct affirmatively establishes a lack of diligence, as here, the question of diligence is one of law. *Perry v. Kroger Store No. 119*, 741 S.W.2d 533, 534 (Tex. App.-Dallas 1987, *no writ*) (nine month delay). In the case at hand, there is a nine month two week delay, which conduct establishes, as a matter of law, a lack of due diligence.

C.     Plaintiff failed to act reasonably in effectuating service in a timely manner.

The test for due diligence is whether a Plaintiff acted (1) as an ordinary prudent person would act under the same circumstances and (2) was diligent up until the time the Defendant was served. *Parson v. Turley*, 109 S.W.3d 804, 808-809 (Tex. App.-Dallas, 2003, *no pet.*). Here, Plaintiff did not act as an ordinary prudent person would act under the same circumstances and was not diligent up until the time Defendant was served.

-3-

31

**D.      Defendant had negated as a matter of law any attempt by Plaintiff to show diligence.**

Any period in which there are no attempts to serve the Defendant will negate diligence. *Webster v. Thomas*, 5 S.W.3d 287, 290-291 (Tex. App.-Houston [14th Dist.] 1999, *no pet.*) (filing suit on the last day before limitations ran, and a four months and ten day delay thereafter, where efforts to procure service were careless and not persistent, negated diligent); also *Hamilton v. Goodson*, 578 S.W.2d 448, 449 (Tex.Civ.App.-Houston [14th Dist.] 1993, *error denied*) (citation issued after the limitations had run); *Butler v. Ross*, 836 S.W.2d 833, 835-836 (Tex.App-Houston [1st Dist.] 1992, *no writ*) (no activity for 5 and 1/2 months after return of unserved original citation).

In this case, Plaintiff's service of process parallels the facts indicated in the *Webster* case, *supra*. As in *Webster*, Plaintiff here filed the Petition before the statute ran. However, Plaintiff's lack of diligence here exceeds that of the *Webster* Plaintiff, who took four months and ten days to serve process; here, it took this Plaintiff over nine months – more than double that of the *Webster* Plaintiff.

Further, repeated and ineffective attempts at service do not constitute diligence if easily available and more effective alternatives are ignored. *Carter v. MacFayden*, 93 S.W.3d 307, 314-315 (Tex.App.-Houston [14th Dist.] 2002, *pet. denied*). To effectively interrupt the statute of limitations, a Plaintiff must continuously exercise due diligence. *Williams v. Houston-Citizens Banks and Trust Company*, 531 S.W.2d 434, 435 (Tex.Civ.App.-Houston [14th Dist.] 1975, *writ ref'd n.r.e.*). Reliance on the process server does not constitute due diligence in attempting service of process. *Gonzalez v. Phoenix Frozen Foods, Inc.*, 884 S.W.2d 587, 590 (Tex.App.-Corpus Christi, 2000, *no writ*). Plaintiff cannot rely on the process server's attempts to personally serve Defendant. It is the responsibility of the person requesting service, and not the

- 4 -

32

process server, to see that service is properly accomplished. *Roberts v. Padre Island Brewing, Inc.*, 28 S.W.3d 618, 621 (Tex.App.-Corpus Christi 2000, *pet denied*), citing Tex.R.Civ.Proc. 9(a) and *Gonzalez v. Phoenix Foods, supra.*

WHEREFORE, PREMISES CONSIDERED, based upon the foregoing authorities, Defendant would respectfully submit that this Honorable Court should grant this Summary Judgment in favor of Anthony Charles Flot, and that Plaintiff take nothing of and against the Defendant, Anthony Charles Flot.

Respectfully submitted,

CLARK, TREVINO & ASSOCIATES
Mailing Address:
P.O. Box 258829
Oklahoma City, OK 73125-8829
Physical Address:
1701 Directors Boulevard, Suite 920
Austin, Texas 78744
Telephone: (512) 445-1580
Telecopier: (512) 383-0503

By: _____

ETHAN F. GOODWIN
State Bar No.: 24064492
Email: ethan.goodwin@farmersinsurance.com
COUNSEL FOR DEFENDANT

- 5 -

33

## CERTIFICATE OF SERVICE

I certify that on the 20th day of March, 2015, a true and correct copy of the foregoing instrument was forwarded via certified mail, return receipt requested, and/or by hand delivery and/or by fax transmission and/or by regular mail to opposing counsel and to all other counsel of record of first-class regular mail.

Edward Hensley
Hensley Law Firm
1007 Mopac Circle, Suite 201
Austin, Texas 78746


ETHAN F. GOODWIN

34

CAUSE NO. 29,439

LEAH SHEKE

vs.

ANTHONY CHARLES FLOT

IN THE DISTRICT COURT

335th JUDICIAL DISTRICT

BASTROP COUNTY, TEXAS

## PLAINTIFF'S ORIGINAL PETITION and DISCOVERY REQUESTS

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes LEAH SHEKE, hereinafter referred to as Plaintiff, complaining of and about ANTHONY CHARLES FLOT, hereinafter referred to as Defendants and for cause of action would respectfully show unto the Court and Jury as follows:

### I. DISCOVERY LEVEL

Plaintiffs filing this suit as a level THREE (3) lawsuit.

### II. SERVICE

Plaintiffs are individuals residing in | X X X

Defendant, ANTHONY CHARLES FLOT as an individual residing in

Texas, and may be served with citation at her residence at X X X

### III. VENUE - JURISDICTION

Venue is proper in BASTROP County, Texas because the incident occurred in BASTROP County, pursuant to Texas V.A.C.S. Section 15.002(a)(1), Section 15.002(a)(2), and Section 15.002(a)(4). Each Plaintiff seeks damages that are less between $100,000.00 and $250,000.00 at this time, which is an amount within the jurisdictional limits of this court at the time of the filing of this petition.

Scanned





L. Sheke v. A. Flot POP with discovery requests

Scanned

## IV. BACKGROUND FACTS

On or about April 26, 2012, Plaintiff traveling on Hwy 290 in Elgin Bastrop Texas when the Defendant, ANTHONY CHARLES FLOT, failed to obey a posted yield sign and yield right of way to Plaintiff, causing a collision.

## V. INJURIES

As a result of the foregoing, Plaintiff has suffered personal injury to her body generally. More specifically, Plaintiff has suffered injury to her upper and lower back, head, and neck.

## VI. NEGLIGENCE

At the time of the collision inside the basis of this lawsuit Defendant, ANTHONY CHARLES FLOT, was guilty of negligence in the following respects and particulars, to-wit:

1. By failing to keep such a lookout as a person of ordinary care would have;

2. By failing to make timely or proper application of the brake on the vehicle as a person using ordinary care would have made;

3. By failing to control the speed of the vehicle, which is a violation of Texas Traffic Regulations, V.A.C.S. Transportation Code, Section 545.151; and

4. By violating Texas Traffic Regulations V.A.C.S. Transportation Code, Section 545.151.
   (a) An operator approaching an intersection:
   (1) shall stop, yield, and grant immediate use of the intersection:
   (A) in obedience to an official traffic-control device, including a stop sign or yield sign; or
   (B) if a traffic-control signal is present but does not display an indication in any of the signal heads; and
   (2) after stopping, may proceed when the intersection can be safely entered without interference or collision with traffic using a different street or roadway;
   (b) An operator on a single-lane or two-lane street or roadway who approaches an intersection that is not controlled by an official traffic-control device and that is located on a divided highway or on a street or roadway divided into three or more marked traffic lanes;

Scanned

37

Wherefore, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final trial hereof, Plaintiff recover his damages, and recover all costs of Court, both pre-judgment and post-judgment interest at the maximum legal rate, and issue such and further relief, both general and specific, at law and in equity, to which Plaintiff may be justly entitled.

## IX. PLAINTIFF'S FIRST SET OF INTERROGATORIES, PRODUCTION and ADMISSIONS TO DEFENDANT ANTHONY CHARLIE BLOT

Comes now, the Plaintiffs in the above captioned and styled cause, and pursuant to T.R.C.P. 196, 197 and 198, serves the following INTERROGATORIES and PRODUCTION, to you. The responses shall be answered separately, fully in writing, and under oath within Fifty (50) days from the date of service hereof. The Plaintiffs also requests that Pat Defendant continue to supplement Defendant's answers to these Requests as provided by T.R.C.P.

## INTERROGATORIES

INSTRUCTIONS. These questions are being served on your attorney and answers to the Interrogatories should be provided by the persons to whom reasonably to whom the answers pertain. The answers shall be signed and verified by the person making them, and the provisions of Rule 14 shall not apply. You are advised that this party specifies that the answers shall be used on his/her own behalf...

Scanned

L. Ibbot v. A. Pat POS with discovery request

VERIFICATION

STATE OF _____

COUNTY OF _____

BEFORE ME, the undersigned authority, on this day personally appeared ANTHONY CHARLES FLOT, who after being by me duly sworn did upon her oath depose and say:

"I am ANTHONY CHARLES FLOT, the Defendant in the above styled and numbered cause, and I have read the foregoing answers to interrogatories propounded by the Plaintiff and state that the same are true and correct."

ANTHONY CHARLES FLOT

SWORN TO AND SUBSCRIBED BEFORE ME by ANTHONY CHARLES FLOT, on this the _____ day of _____, 2_____, to certify which witness my hand and seal day of office.

_____
NOTARY PUBLIC IN AND FOR THE
STATE OF TEXAS
MY COMMISSION EXPIRES:

L. Bailey v. A. Flot FOR with Statutory Interest

Scanned

40

PRODUCTION

**1. DEFINITIONS AND INSTRUCTIONS**

NOTICE OF INTENT TO USE DOCUMENTS PRODUCED

PRODUCTION NO. 1.

Scanned

Scanned

**PRODUCTION NO. 1:** Copies of estimates, invoices, and/or any other written documentation which were prepared as a result of the damage to any and all vehicles, including defendant's vehicle involved in the incident made the basis of this lawsuit.

**PRODUCTION NO. 11:** A complete copy of the defendant's insurance company's claim file other than those matters prepared in anticipation of litigation or subject to work product privilege. Plaintiff requests a privilege log be filed within 15 days after the date these answers and responses are due, listing each privilege claimed, and a description of each document claimed to be privileged, as prescribed by the TRCP.

**PRODUCTION NO. 12:** A certified copy of all available liability insurance policy declaration pages showing limits providing coverage to the defendant for the date of accident.

**PRODUCTION NO. 13:** Produce copies of any and all invoices from any cellular and/or wireless telephone company providing service to the cellular and/or wireless telephone that you were using at the time of, and within FIFTY (50) minutes before and after the incident. If needed, Plaintiff requests a privilege log be filed within 15 days after the date these answers and responses are due, listing each privilege claimed and a description of each telephone log claimed to be privileged, as prescribed by the TRCP.

**PRODUCTION NUMBER 14:** Produce copies of all records obtained by defendant from any source which include any of the following information about Plaintiff. This includes but is not limited to:

a) all medical records & bills not previously provided;
b) employment records;
c) governmental reports (any agency);
d) index bureau records;
e) credit records;
f) claims records;
g) claims history reports; and
h) investigative reports.

Plaintiff, upon reasonable notice, will pickup, copy, and return such records to defendant's attorney, as provided by the TRCP.

Scanned

**MEDICAL/WAGE AUTHORIZATION**
**RELEASE OF INFORMATION**

TO:

This is to authorize any physician, hospital, medical attendant, nurse, technician, or others, to furnish to the HENSLEY LAW FIRM, 1007 Mopac Circle, Suite 201, Austin, Texas 78746, or _____, all records, opinions, reports, x-rays, photostatic copies, abstracts or excerpts of any records or any other information or documents they may request that you may have in your custody or under your control regarding the below named patient.

I further authorize any firm or employer to furnish to the HENSLEY LAW FIRM, 1007 Mopac Circle, Suite 201, Austin, Texas 78746, or _____, any information about my coverage, loss of earnings, work history, and medical information, including all payroll and personnel records that they may request that you may have in your custody or under your control regarding the below named person.

I hereby waive any privilege I have to the above information to the above-named attorney. This authorization does not include oral conferences or discussions with any person concerning the present plaintiff's case or condition.

Any a conference or oral discussion should be taken up in advance with my attorneys, so that they can be present for the same.

I agree that a photostatic copy of the Authorization shall be considered as effective and as valid as the original. This authorization is valid until revoked in writing.

Your full cooperation in this matter is requested.

Dated this _____ day of _____, 2____.

_____      _____
ANTHONY CHARLES FLOT          Address

_____/_____/_____            _____
Date of Birth             Social Security Number

_____
Witness

Scanned

**INSURANCE COMPANY/BODY/REPAIR SHOP AUTHORIZATION**
**RELEASE OF INFORMATION**

TO:

This is to authorize any BODY/REPAIR SHOP, INSURANCE COMPANY, INSURANCE ADJUSTER, or others, to furnish to the HENSLEY LAW FIRM, 1007 Maple Circle, Suite 201, Austin, Texas 78746, or _____ all photographs, repair estimates, and repair orders relating to the vehicle of the party signing below, that you may have in your custody or under your control regarding the below named vehicle owner.

I agree that a photostatic copy of this Authorization shall be considered as effective and as valid as the original. This authorization is valid until revoked in writing.

Your full cooperation in this matter is requested.

Dated this _____ day of _____, 2_____.

_____
ANTHONY CHARLES PLOT

_____
Address

_____
Date of Birth

_____
Social Security Number

_____
Witness

L. Miller v. A. First POS with discovery request.

Scanned

## ADMISSIONS

**INSTRUCTIONS:**

In order to simplify the issues for the trial of this cause the parties, within FIFTY (50) days of service of this request, the Defendant specifically admit, under oath, under oath the following facts. The Defendant is hereby further advised that a failure to specifically answer any request or an evasive answer to any request will be taken as an admission of such request. For clarity, consistency and brevity, you are advised that the phrases from the date of the incident made the basis of this lawsuit as used in the following Admissions, is the date of the incident as set forth in the Plaintiff's pleadings which are referred to herein for all purposes. The facts which you are requested to admit are as follows:

**ADMISSION NO. 1:** Admit that you were the driver of a vehicle involved in a incident made the basis of this lawsuit.

**ADMISSION NO. 2:** Admit that there was no non-incident event or condition which contributed to the incident made the basis of this lawsuit.

**ADMISSION NO. 3:** Admit that the incident made the basis of this lawsuit was not the result of a sudden emergency.

**ADMISSION NO. 4:** Admit that the incident made the basis of this lawsuit did not result from an unavoidable accident.

**ADMISSION NO. 5:** Admit that immediately prior to the incident made the basis of this lawsuit, Defendant did not observe Plaintiff.

**ADMISSION NO. 6:** Admit that the incident made the basis of this suit did not occur because of the negligence of the Plaintiff.

**ADMISSION NO. 7:** Admit that Plaintiff did not fail to act as a person with ordinary prudence would have done under the same or similar circumstance in acting for and treating injuries that resulted from the incident made the basis of this lawsuit.

**ADMISSION NO. 8:** Admit that at the time of the incident made the basis of this lawsuit, Defendant had a valid Texas Driver's License.

**ADMISSION NO. 9:** Admit that the Defendant is familiar with the Texas Driver's Handbook published by the Department of Public Safety of the state of Texas.

**ADMISSION NO. 10:** Admit that the Defendant was in the course and scope of employment for any individual, company, or entity at the time of this incident made the basis of this lawsuit.

**ADMISSION NO. 11:** Admit that at the time of the incident, Defendant was familiar with the roadway upon which the incident made the basis of this lawsuit occurred.

**ADMISSION NO. 12:** Admit that Defendant had consumed alcohol beverages within the twenty four (24) hour period prior to the incident made the basis of this lawsuit.

**ADMISSION NO. 13:** Admit that there was no mechanical failure of the vehicle Defendant was driving which contributed to the incident made the basis of this lawsuit.

**ADMISSION NO. 14:** Admit that the Defendant could have avoided the incident made the basis of this lawsuit with Plaintiff.

**ADMISSION NO. 15:** Admit that the defendant's actions in operating the defendant's vehicle at the time of the incident made the basis of this lawsuit were the proximate cause of this incident and constituted negligence as is cited in Plaintiff's Original Petition and not incorporated by reference.

## X. DISCLOSURE

Pursuant to Texas Rules of Civil Procedure, Rule 194, Defendant is requested to disclose, within fifty (50) days of service of this pleading, the information and material described in T.R.C.P., Rule 194.2.

Respectfully submitted,
HENSLEY LAW FIRM

By: EDWARD HENSLEY
SBN. 09482588

Deborah C. Hensley
SBN. 90793939

1007 Maple Circle, St. 201
Austin, Texas 78746
Ph: 512-576-9988 / Fax: 512-327-9992
ATTORNEYS FOR PLAINTIFF

Scanned

CLERK OF THE COURT
Sarah Loudin, District Clerk
P.O. Box 770
804 Pecan Street
Annex Building, Lower Level
Bastrop, TX 78602

CITATION
CAUSE NO. AS

THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

To: MR. ANTHONY CHARLES PLOT

X K X

WHEREVER THE DEFENDANT MAY BE LOCATED

GREETINGS: You are commanded to appear by filing a written answer to the Petition of Petitioner at or before 10:00 o'clock, a.m. of the Monday next after the expiration of 20 days after the date of service hereof, before the 335th Judicial Court of Texas, at the courthouse in BASTROP, Texas.

A copy of the Petition of the Petitioner accompanies this citation, in cause number 29,819 AS No2.

LEAH SHREK
vs.
ANTHONY CHARLES PLOT

filed in said court on the on this the 15th day of April, 2014

Petitioner is represented by:

EDWARD HENSLEY
1007 MOPAC CIRCLE ST 201
AUSTIN TX 78746

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at offices in Bastrop, Texas,
On the 5th day of February, 2015

Sarah Loudin
District Clerk, Bastrop County
P.O. Box 770

By: _____ Deputy

( ) IF CHECKED, ATTACHED TO THIS CITATION IS DISCOVERY NOT FILED WITH CLERK PURSUANT TO TRCP 191.4

EXHIBIT
B

48

Reproduction noise — heavily degraded scan.

OFFICER'S RETURN

Came to hand on the ___ day of _____ 20 ___ at ___ o'clock ___ m.

Serving Petition and Copy    $ _____
Total    $ _____

49

# TAB 7

Cause No. 29,439

LEAH SHIKE                          §        IN THE DISTRICT COURT
                                    §
                                    §
VS.                                 §        335TH JUDICIAL DISTRICT
                                    §
                                    §
                                    §
ANTHONY CHARLES FLOT                §        BASTROP COUNTY, TEXAS

## ORDER GRANTING DEFENDANT ANTHONY CHARLES FLOT'S MOTION FOR SUMMARY JUDGMENT

On the _17TH_ day of _June_, 2015, the Court considered Defendant, Anthony Charles Flot's Motion for Summary Judgment. After considering the motion, the Summary Judgment evidence, and the response filed by Plaintiff, it is the opinion of the Court that Defendant, Anthony Charles Flot is entitled to Judgment as a matter of law. It is, therefore,

ORDERED, ADJUDGED AND DECREED that the Defendant's Motion for Summary Judgment before the Court is hereby granted and that the Plaintiff take nothing against Defendant. Costs of court are taxed against the Plaintiff for which execution shall be levied. All such other relief sought by way of this action not specifically provided by this judgment is hereby denied.

SIGNED this _17Th_ day of _June_, 2015.

_____
JUDGE PRESIDING

**SCANNED**

FILED _2 PM_
DATE _6-17-15_
Sarah Loucks
District Clerk, Bastrop County

184

RESPCTFULLY SUBMITTED:

CLARK, TREVINO & ASSOCIATES

BY: _____

ETHAN F. GOODWIN
TBN: 24064492
Email: ethan.goodwin@farmersinsurance.com
Mailing Address:
P.O. Box 258829
Oklahoma City, OK 73125-8829
Physical Address:
1701 Directors Boulevard, Suite 920
Austin, Texas 78744
Telephone: (512) 445-1580
Facsimile: (512) 383-0503

ATTORNEYS FOR DEFENDANT

185

**TAB 8**

Sec. 16.003.   TWO-YEAR LIMITATIONS PERIOD.   (a)   Except as provided by Sections 16.010, 16.0031, and 16.0045, a person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury, forcible entry and detainer, and forcible detainer not later than two years after the day the cause of action accrues.

(b)   A person must bring suit not later than two years after the day the cause of action accrues in an action for injury resulting in death.   The cause of action accrues on the death of the injured person.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.   Amended by Acts 1995, 74th Leg., ch. 739, Sec. 2, eff. June 15, 1995;   Acts 1997, 75th Leg., ch. 26, Sec. 2, eff. May 1, 1997.
Amended by:
     Acts 2005, 79th Leg., Ch. 97 (S.B. 15), Sec. 3, eff. September 1, 2005.

# TAB 9

Sec. 16.063.   TEMPORARY ABSENCE FROM STATE.   The absence from this state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.

**TAB 10**

(c) criticizes existing law; or

(d) resolves an apparent conflict of authority.

## 47.4. Memorandum Opinions

If the issues are settled, the court should write a brief memorandum opinion no longer than necessary to advise the parties of the court's decision and the basic reasons for it. An opinion may not be designated a memorandum opinion if the author of a concurrence or dissent opposes that designation. An opinion must be designated a memorandum opinion unless it does any of the following:

(a) establishes a new rule of law, alters or modifies an existing rule, or applies an existing rule to a novel fact situation likely to recur in future cases;

(b) involves issues of constitutional law or other legal issues important to the jurisprudence of Texas;

# TAB 11

## RULE 166a. SUMMARY JUDGMENT

(a)     **For Claimant.** A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the adverse party has appeared or answered, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to amount of damages.

(b)     **For Defending Party.** A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

(c)     **Motion and Proceedings Thereon.** The motion for summary judgment shall state the specific grounds therefor. Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing. Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response. No oral testimony shall be received at the hearing. The judgment sought shall be rendered forthwith if (i) the deposition transcripts, interrogatory answers, and other discovery responses referenced or set forth in the motion or response, and (ii) the pleadings, admissions, affidavits, stipulations of the parties, and authenticated or certified public records, if any, on file at the time of the hearing, or filed thereafter and before judgment with permission of the court, show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law

on the issues expressly set out in the motion or in an answer or any other response. Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal. A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, or of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.

(d) **Appendices, References and Other Use of Discovery Not Otherwise on File.** Discovery products not on file with the clerk may be used as summary judgment evidence if copies of the material, appendices containing the evidence, or a notice containing specific references to the discovery or specific references to other instruments, are filed and served on all parties together with a statement of intent to use the specified discovery as summary judgment proofs: (i) at least twenty-one days before the hearing if such proofs are to be used to support the summary judgment; or (ii) at least seven days before the hearing if such proofs are to be used to oppose the summary judgment.

(e) **Case Not Fully Adjudicated on Motion.** If summary judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the judge may at the hearing examine the pleadings and the evidence on file, interrogate counsel, ascertain what material fact issues exist and make an order specifying the facts that are established as a matter of law, and directing such further proceedings in the action as are just.

(f) **Form of Affidavits; Further Testimony.** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits. Defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend.

(g) **When Affidavits Are Unavailable.** Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

(h) **Affidavits Made in Bad Faith.** Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

(i) **No-Evidence Motion.** After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. The motion must state the elements as to which

# TAB 12

SECTION 4. PLEADING

A. General

RULE 45. DEFINITION AND SYSTEM

Pleadings in the district and county courts shall

(a)   be by petition and answer;

(b)   consist of a statement in plain and concise language of the plaintiff's cause of action or the defendant's grounds of defense. That an allegation be evidentiary or be of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole; and

(c)   contain any other matter which may be required by any law or rule authorizing or regulating any particular action or defense.

Pleadings that are not filed electronically must be in writing, on paper measuring approximately 8 ½ inches by 11 inches, and signed by the party or his attorney. The use of recycled paper is strongly encouraged.

All pleadings shall be construed so as to do substantial justice.

# TAB 13

REPORTER'S RECORD
VOLUME 1 OF 1 VOLUME
TRIAL COURT CAUSE NO. 29,439
COURT OF APPEALS NO. 03-15-00533-CV

LEAH SHIKE                          |    IN THE DISTRICT COURT
                                    |
vs.                                 |    BASTROP COUNTY, TEXAS
                                    |
ANTHONY CHARLES FLOT                |  335TH JUDICIAL DISTRICT

--------------------------------------------

HEARING ON MOTIONS

JUNE 10, 2015

--------------------------------------------

On the 10th day of June, 2015, the following proceedings came to be heard in the above-styled and numbered cause before the Honorable Reva L. Towslee Corbett, Judge presiding, held in Bastrop, Bastrop County, Texas.

Proceedings reported by computerized method of machine shorthand.

## APPEARANCES

FOR THE PLAINTIFF:

    BY:  Mr. Edward Hensley
    SBOT NO. 09492500
    and
    BY:  Ms. Deborah Hensley Loewe
    SBOT NO. 00793939
    HENSLEY LAW FIRM
    3809 South 2nd Street, Suite A-100
    Austin, Texas 78704
    Telephone: (512) 476-9988
    Fax: (512) 327-9992


FOR THE DEFENDANT:

    BY:  Mr. Ronald L. Clark
    SBOT No. 04298300
    CLARK, TREVINO & ASSOCIATES
    1701 Directors Boulevard, Suite 920
    Austin, Texas 78744
    Telephone: (512) 445-1592
    Fax: (512) 383-0503

INDEX

VOLUME 1 OF 1 VOLUME

HEARING ON MOTIONS

JUNE 10, 2015                                                PAGE

Appearances................................................. 2

Plaintiff's Argument by Mr. Hensley................. 6

Defendant's Argument by Mr. Clark.................. 7

Plaintiff's Further Argument by Mr. Hensley....... 9

Defendant's Further Argument by Mr. Clark........ 10

Plaintiff's Further Argument by Mr. Hensley....... 11

Adjournment................................................. 12

Court Reporter's Certificate..................... 13

(Open court, 1:33 p.m.)

THE COURT: This is Cause No. 29,439, Leah Shike versus Anthony Charles Flot. Today is now June 10 of the year 2015. We were set for a Defendant's Motion for Summary Judgment today. Summary judgment was filed, it looks like -- oh, that was the response to the summary judgment.

What date was your summary judgment filed?

MR. CLARK: March 20, 2015.

THE COURT: All right. And then the response --

MR. CLARK: On or about that day. That's when the certificate of service was, I believe, Judge.

THE COURT: And then y'all filed a response, it looks like, June 2. Is that correct?

MR. HENSLEY: Yes. Once the hearing was set, then we had seven days --

THE COURT: Right.

MR. HENSLEY: -- prior to the hearing to file a response.

THE COURT: Okay. Right. So I'm just making sure I have the dates correct.

MR. HENSLEY: That is correct.

THE COURT: Because with this electronic filing thing, I doublecheck everything.

MR. CLARK: It was previously set on May 27. Counsel --

THE COURT: Okay.

MR. CLARK: -- plaintiff's counsel asked that it be moved, and Mr. Goodwin agreed to do so. And I think I signed the agreed notice resetting it to June 10, today.

THE COURT: Okay.

MR. CLARK: And by the way, my name is Ron Clark, for the defendant, Judge --

THE COURT: Okay. I was going to ask --

MR. CLARK: -- and for the reporter.

THE COURT: Okay. So you're with Mr. Goodwin's office?

MR. CLARK: Yes.

THE COURT: You're Mr. Clark?

MR. CLARK: Yes.

THE COURT: And then are you Mr. Hensley?

MR. HENSLEY: Edward Hensley. And my daughter, Deborah Hensley.

MS. HENSLEY: Hi.

THE COURT: Nice to meet y'all.

MS. HENSLEY: Nice to meet you as well, Judge.

THE COURT: All right. And so in regards to that, then y'all, also on the 2nd, filed -- let's see, when did you -- you filed, on the 3rd -- no, that's -- you filed an amended motion for continuance to obtain additional discovery. So I guess you had a continuance somewhere in here and then an amended motion for continuance. Is that correct?

MR. HENSLEY: We also amended the plaintiff's original petition -- we amended our pleadings, and also filed an amended motion for continuance.

THE COURT: Okay. So why is it you're seeking a continuance today?

MR. HENSLEY: Because we need the deposition of the defendant in order to establish several different things, including his knowledge of the attempts to serve him with process, and also whether or not he was out of the state or has any other exception to the statute of limitations during the time that the statute of limitations was running.

That's the defendant's burden to prove that and it's part of their motion for summary judgment, and our response for summary judgment cites

the cases that state that it's his burden, and if he doesn't meet it, then his motion for summary judgment is defective.

So we need -- we need to take his deposition and then decide if we are going to move forward with the motion for summary judgment after that.

THE COURT: All right.

And what is your response to that, Mr. Clark?

MR. CLARK: Yes, Your Honor.

It's my understanding that when the motion was set first for May 27th -- on or about that date for the original hearing, plaintiff sent out a deposition notice for the defendant well after the -- well, we agreed to reset it to the 10th. And then right after that was reset, the plaintiff sent out a deposition notice for the defendant for June 24th, in late June -- for late June, which was after that period of time. Once they realized that it was after the summary judgment hearing of June 10th, they unilaterally tried to set a deposition of the defendant for June 4th, which was quashed because of unavailability of counsel and client at that time, Judge.

But in our motion for summary judgment, we have met our burden of proof to prove that, one, when the statute of limitations is, when they filed suit, and when they served the citation upon Mr. Flot, F-l-o-t, and that was ten months later.

Under Proulx, P-r-o-u-l-x, that is the case that says that that is what our burden of proof is in a summary judgment on lack of due diligence and service of citation which we cite in our motion.

So it's really not what Mr. Flot did in this motion, it's what the plaintiff did or did not do; their acts or inactions in obtaining diligent service for a period of ten months.

And as the Court will see in their response, you know, that they have put down various things: That they were in trial here in this court in May, but they didn't check for any service of citation. They then went on vacation in June and didn't check for -- check for citation, and they had various other things going on. So the due diligence is not what my client did or did not do, it's what productive work the plaintiff was doing to obtain service upon the defendant. And we would ask that the continuance be denied, Judge.

MR. HENSLEY: May I respond?

THE COURT: Yes, sir.

MR. HENSLEY: Thank you, Your Honor.

Guardia, G-u-a-r-d-i-a, versus Kontos, we've cited in our response "Movant's Failure to Negate Tolling." That's on Page 8 of our response to the summary judgment.

(Reading) when moving for a summary judgment on limitations, the movant must not only establish the limitations bar -- which this is; it's a limitations bar -- but he must also negate any suspension of tolling of limitations asserted by the non-movant, which we have in our pleadings clearly stated. We are inserting that as a defense against the statute of limitations: Absence from the state and diligence in procuring the service of citation, citing Guardia versus Kontos, 961 Southwest 2d 580.

Another case backing that up is Winston versus American Medical International, 930 Southwest 2d 945. That's Houston, a 1996 case, where the defendant was absent from the state.

(Reading) The plaintiff's amended pleading specifically raises the issue of the defendant's absence from the state during the limitations period and invokes the statutory provision that tolls the running of the statute of limitations

during that absence.

The statute says: The absence from this state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence. That's citing Texas Civil Remedies -- Civil Practice and Remedies Code, Section 16.063, which was effective -- that's cited from Westlaw, 2015.

Our petition relies on the tolling to the extent and for the duration that the individual defendant was absent from Texas. We need to take his deposition to establish whether or not he's been absent. All right. It was the movant's obligation to provide summary judgment evidence that he was not absent from the state during that time because they are claiming a statute of limitations basis for their motion for summary judgment.

Thank you, Your Honor.

MR. CLARK: Judge, our basis is lack of due diligence on the plaintiff. And under Proulx versus Wells, 235 Southwest 3d at 231, Texas 2007, when a defendant has affirmatively pled the defense of limitations and it's shown that service was not timely, the burden shifts to the plaintiff to prove diligence. That's the issue that we brought it on.

Their original petition did not say anything about us being out of the state. We filed our summary judgment on their original petition, and we are ready to go forward on that, Judge.

MR. HENSLEY: And I would respond to that, Your Honor, respectfully, that Mr. Clark is wrong. If we amend our pleadings prior to the hearing, he's obligated to meet those pleadings or not doing it -- not be in a position to request summary judgment. We amended our pleadings prior to the time that our answer was actually due in this case.

THE COURT: All right. Well, what I need y'all to do is give me proposed orders and a motion for continuance and a motion to compel. If I grant those, then I would have to reset the motion for summary judgment. If I deny them, then I'm going to rule on the motion for summary judgment based on what's filed and what I can read. Because I don't need y'all to retell me what you've already written.

MR. HENSLEY: Very good, Your Honor.

THE COURT: So just give me proposed orders and I'll go that route.

Do y'all have proposed orders with you?

MS. HENSLEY: Yes.

MR. HENSLEY: Yes, we do.

MR. CLARK: I don't have a proposed order on the continuance.

MR. HENSLEY: We have proposed orders for the continuance and for the motion to compel deposition.

THE COURT: Okay.

MR. CLARK: I have a proposed order granting the motion for summary judgment with all of the documents there for you, Judge.

THE COURT: Okay. Well, I can always doctor that up if I choose to rule a different way, whatever they have. So I will read these and look at your cases. Y'all don't have to wait. I'll do it at the end of my docket today and it will be sent out tomorrow.

MR. CLARK: Thank you, Your Honor.

MR. HENSLEY: Thank you, Your Honor.

(Proceedings adjourned at 1:42 p.m.)

STATE OF TEXAS       |

COUNTY OF BASTROP     |

     I, HOLLY SCHULZ, Official Court Reporter in and for the 335th District Court of Bastrop County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

     I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

     I further certify that the total cost for the preparation of this Reporter's Record is $100 and was paid by the Plaintiff.

     WITNESS MY OFFICIAL HAND this the 16th day of September, 2015.


       /S/ Holly Schulz

       Holly Schulz, CSR
       Texas CSR No. 6097
       Expiration Date: 12/31/15
       Official Court Reporter
       335th Judicial District
       P.O. Box 373
       McDade, Texas 78650
       (512) 273-2974